MANDELL *v.* FARRELL.

ELECTIONS—CIRCUIT JUDGES—COUNTY OFFICERS — PRIMARY PETI-
TIONS.
  It was the intention of the legislature, by Act No. 281, Pub.
  Acts 1909, to fix the first Wednesday in March for the nom-
  ination of candidates for county offices by primary petition;
  and the offices of circuit judge and county auditor of Wayne
  county were included, so that mandamus lies to compel the
  county clerk of Wayne county to accept and file the petitions
  of candidates for such offices.   Act No. 345, Local Acts 1905,
  construed.

Mandamus by Henry A. Mandell and Charles A. Buh-
rer against Thomas F. Farrell, Wayne county clerk, to
compel the filing of petitions for primary nomination of
the relators as candidates for circuit judge and county
auditor, respectively.   Submitted February 10, 1911.
(Calendar No. 24,469.)   Writ granted March 13, 1911.

*P. J. M. Hally*, for relators.

*Franz C. Kuhn*, Attorney General, and *Thomas A.
Lawler*, Assistant Attorney General, for respondent.

HOOKER, J.   Act No. 345, Local Acts 1905, pro-
vided for the nomination of all public officers who are re-
quired by law to be elected by electors residing within
Wayne county, or of any subdivision thereof, etc., by the
electors, at primaries, prescribing at length and in detail
the time of holding primary elections for the purpose, and
the method of carrying out its provisions.   That included
circuit judges.   It provided that all spring primaries
should be held on the first Monday in March, except pri-
maries for special elections, and to secure a place on the
printed ballot it was only necessary for candidates for cir-
cuit judge and county offices to file their own petitions

with the county clerk. At the session of 1909, the legislature passed a general primary election law, being Act No. 281, Pub. Acts 1909, which is conceded to have been intended to apply generally throughout the State, and this act repealed Act No. 4, Pub. Acts Extra Session 1907, and "all local primary election acts contravening the provisions, except as therein otherwise provided." This act provided (in section 15):

"The question of the nomination of party candidates for the office of circuit judge shall be submitted at the April election, nineteen hundred ten, without petition therefor, to the qualified electors of each judicial district and shall thereafter be resubmitted in the same manner and upon the same conditions as are provided by this act for the resubmission of said question in cities: *Provided*, that all duties imposed upon the city or county clerks shall, in the case of judicial districts, be performed by the secretary of State: *Provided further*, that the vote upon submission or resubmission, as well as the vote cast for candidates in judicial districts adopting direct nominating systems, shall be counted and canvassed as is the vote cast on the election of circuit judge: *Provided further*, that when the electors of any judicial district shall decide as herein provided to nominate party candidates for circuit judge by direct vote, the primary election for that purpose shall be held in said judicial district on the first Wednesday in March preceding the election at which such circuit judge is to be elected. All of the provisions of this act applicable to the provisions of this section shall apply to the direct nomination of party candidates for the office of circuit judge: *Provided further*, that all judicial districts in this State which now nominate by a primary system shall continue to so nominate until said judicial district shall decide by a vote of the electors not to so nominate."

It is contended by the attorney general that the last proviso constitutes the only "exception" mentioned in the repealing section, being section 57 of the act, and we understand his claim to be that any local act that is in any way inconsistent with Act No. 281, aforesaid, is repealed *in toto*, except as to the continuation of primary elections provided for by it.

There is no question but that the local act mentioned is in some things inconsistent with Act No. 281. Act No. 281 does not expressly fix or state any date for spring primaries for the nomination of county officers, and the only provision fixing a date for primaries for the nomination of circuit judges is that quoted. Section 26 of this act provides:

" To obtain the printing of the name of any candidate of any political party for any district office upon the primary election ballots of such political party in the various voting precincts of the district when such district is comprised of one county or less, there shall be filed with the county clerk of such county, nomination petitions, signed by a number of enrolled voters who are enrolled in the party enrollment of said party in said district for secretary of State at the last preceding November election and in the case of a district office, in a district comprising more than one county, to obtain the printing of the name of any candidate of any political party upon the primary election ballots of such political party in the various voting precincts of said district, there shall be filed with the secretary of State, nomination petitions, signed by a number of the enrolled voters residing in such district and who are enrolled in the party enrollment of said party, equal to not less than two per centum nor more than four per centum of the number of votes that the party cast therein for secretary of State at the last preceding November election."

Section 27 provides:

" To obtain the printing of the name of any candidate of any political party for a county office upon the official primary election ballots of such political party in the various voting precincts of a county there shall be filed with the county clerk of said county nomination petitions signed by a number of enrolled voters, who are enrolled in the party enrollment of said party and who reside in the county, equal to not less than two per centum nor more than four per centum of the number of votes that such political party cast in such county for secretary of State at the last preceding November election. * * * All of said nomination petitions may be signed by enrolled voters of the particular political party residing in any part

of a ward for a ward office, in any part of a city for a general city office, or any part of a county for a county office, or any part of a district for a district office, or any part of the State for a State office: *Provided,* that in cities or counties of two hundred fifty thousand population or more, in lieu of the above petition, a petition therefor, signed by the candidate, which shall state the name of the candidate, his residence, street, house number and the political party of which he is a member and the office sought, shall be filed with the clerk of the county or city where said candidate resides, as herein provided. Such candidate shall, at the time, pay to the clerk of the city or county, as the case may be, a sum of money equal to one-half of one per centum of the salary and fees of the preceding year of such office, the amount thereof to be ascertained or estimated as nearly as may be by such clerk; and upon complying with the above provisions such candidate's name shall be printed upon the primary ballot, if otherwise qualified."

From the foregoing provisions we may infer that the date of the first Wednesday in March was intended to be fixed for primaries for nominating circuit judges throughout the State, or, as counsel contend, that such date applies only to the counties where by vote of the electors the office of circuit judge was brought within the primary law, in which case no date was fixed for nominating circuit judges in the county of Wayne.

Again, section 26 clearly requires that those desiring office in a district comprising more than one county must file their petitions with the secretary of State, and their petitions must be signed by the prescribed number of voters; otherwise the petitioner's name cannot be printed on the ballot. We think this section does not sustain respondent's contention as to the circuit judges or county officers in the county of Wayne, which county contains more than 250,000 inhabitants, by reason of the quotations from section 27, which clearly apply not only to county officers but to officers of a judicial district wholly within such county. This permits a filing with the county clerk, and upon the petition of the candidate.

In our opinion section 15 may reasonably be construed to fix the date for primary election for circuit judges throughout the State as the first Wednesday in March. If not, provision is made for only a portion of the counties. We must assume that the legislature would not fix different dates, as the act obviously was intended to bring primary rules to uniformity throughout the State.

Section 44 provides that the nomination of party candidates for county offices shall be governed so far as applicable by the provisions of this act, relative to the nomination of party candidates for district offices. The only district candidate provided for who is elected in April is the circuit judge, and the date is fixed. Section 44 fixes the same date for county offices. This in express terms applies to all counties which shall decide to select candidates by primaries, and, under the same construction given herein to section 15, applies to every county that has or may hereafter have primaries.

We think the general act covers all questions raised, and the local act therefore needs no discussion.

The proceeding asks for a mandamus requiring the county clerk to file relator's petitions for the offices of circuit judge and county auditor, respectively.

The writ is granted as to both.

OSTRANDER, C. J., and BIRD, MOORE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.